**In re BRONSON.**
**Patent Appeal No. 2688.**

Court of Customs and Patent Appeals.
April 22, 1931.

Kwis, Hudson & Kent, of Cleveland, Ohio (A. J. Hudson, of Cleveland, Ohio, W. T. Estabrook, of Washington, D. C., and W. E. Williams, of Cleveland, Ohio, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The alleged invention involved in this appeal relates to a coupling in an air connection used in inflating rubber inner tubes during the curing or vulcanizing process, and is particularly directed to the air stem which leads from the inner tube through the outer casing and through the rim of the wheel.

The six claims presented were rejected by the Board of Appeals of the United States Patent Office. No. 1 is a combination claim, and claims 2 to 6 are drawn to cover the construction of the stem, and therefore 1 and 2 are regarded as illustrative, and are as follows:

"1. An air connection comprising a flexible tube having a nipple at one end, a plunger member to which the other end of the tubing is secured, a casing surrounding the plunger, resilient means between the plunger and the casing tending to normally separate one with respect to the other, an air stem having a part for securing the same with respect to a tire mold and another part with which said plunger engages, *and a noncircular head on said stem, said casing having one end which has a substantially noncircular opening through which the said head may extend and within which it may be turned to properly position said stem for engagement by said plunger.* (Italics ours.)

"2. An air stem comprising an integral hollow tubular body, a head at one end thereof, and a second head at the other end which is noncircular."

The italicized portion of claim 1 is claimed to be the new part of the combination involved in that claim, and is substantially the subject-matter called for in the other claims involved, although expressed in language differing in each of the claims.

The claims were rejected on the prior art, and the following references are relied upon: Kotten, 660,856, Oct. 30, 1900; Rose, 1,362,-189, Dec. 14, 1920; Crumlich, 1,386,603, Aug. 9, 1921; Smith, 1,487,696, March 18, 1924.

The rejection is based upon the ground that, in view of the general combination shown in Rose, Crumlich, and Smith, it is not inventive to substitute in any of these devices the specific coupling disclosed in Kotten. The patents to Rose, Crumlich, and Smith involved couplings used for the same purpose as those of applicant, while Kotten was an air pipe coupling for a pneumatic tool.

Appellant argues to the effect that, since the Kotten patent concerns a nonanalogous art, it should not be cited to defeat appellant's application. Kotten's connection operates upon the same principle as applicant's, and we do not think that invention would lie in placing the Kotten device in a vulcanizer connection in view of disclosures in the other references.

We agree with the finding of the Board that the details found in appellant's structure involved nothing more than the usual mechanical skill over the prior art cited.

The decision of the Board of Appeals is affirmed.

Affirmed.